Case 1:07-cv-00500-JEC   Document 2   Filed 03/20/07   Page 1 of 4



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| PEDRO H. WEBSTER,<br>    Plaintiff, | :: <br> :: <br> :: | CIVIL ACTION NO.<br>1:07-CV-0500-JEC |
| v. | :: <br> :: | |
| JUDGE ROBERT P. MATTHIS,<br>    Defendant. | :: <br> :: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, currently confined at the DeKalb County Jail[1] in Decatur, Georgia, has submitted the instant pro se civil rights action. [Doc. 1.] For the purpose of dismissal only, leave to proceed in forma pauperis is hereby **GRANTED**. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is

---

[1] Although Plaintiff's civil cover sheet shows a private address, personnel at the DeKalb County Jail have informed the Court that Plaintiff remains incarcerated there.

AO 72A<br>(Rev.8/82)

frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (reviewing the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983

2

complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

## II. Plaintiff's allegations

In the instant complaint, Plaintiff asks this Court "to prevent [his] further appearance before" Defendant, Judge Matthis, due to Plaintiff's prior involvement with Judge Matthis in civil litigation and related matters. Plaintiff complains that previously, in 1997 and again in 2002, Judge Matthis imposed a five-year sentence upon him, which Plaintiff apparently considers excessive. [Doc. 1 ¶¶ IV, V.]

## III. Discussion

To the extent that Plaintiff seeks an order compelling a state court to act, i.e., mandamus relief, he may not proceed. "Mandamus is an extraordinary remedy and will not lie if other remedies are available." Lifestar Ambulance Serv. v. United States, 365 F.3d 1293, 1298 (11th Cir. 2004). Moreover, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973). This Court's original mandamus jurisdiction extends only to an action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed

3

to the plaintiff." 28 U.S.C. § 1361. The All Writs Act, 28 U.S.C. § 1651, "creates no jurisdiction," but instead empowers a federal district court to issue "all writs necessary or appropriate in aid of" its "jurisdiction previously acquired on some other independent ground." Brittingham v. Comm'r, 451 F.2d 315, 317 (5th Cir. 1971). This Court simply has no authority to interfere in the assignment of cases in the superior courts of Georgia. The remedy Plaintiff seeks herein, recusal of Judge Matthis from Plaintiff's criminal proceedings, is available, if at all, only via an appropriate motion filed in the state courts.

### IV. Conclusion

For the foregoing reasons, this Court finds that Plaintiff's complaint is frivolous, and it is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this 20 day of March, 2007.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)